# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50677
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2019

Lyle W. Cayce
Clerk

DWIGHT H. MILES,

      Plaintiff – Appellant,

v.

TEXAS DEPARTMENT OF MOTOR VEHICLES,

      Defendant – Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-130

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Appellant Dwight Miles brought retaliation claims against his former employer, the Texas Department of Motor Vehicles (DMV). Miles appeals the summary judgment in favor of the DMV. We AFFIRM.

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 18-50677

## I.

Miles provided customer service on behalf of the DMV as a lead worker. Following a 2010 agency reorganization, Miles was demoted to facilitator in 2014.  In 2014, alleging that he was improperly demoted, Miles filed a discrimination lawsuit against the DMV.  In 2015, the district court dismissed the discrimination lawsuit for failure to state a claim.  Miles, proceeding *pro se*, filed a second lawsuit in 2018, which is now on appeal before us.  Miles alleges that because of his previous lawsuit, the DMV retaliated against him by denying him the service desk manager position and ultimately terminating him in June of 2016.  He also alleges that the DMV violated his constitutional right to free speech, due process, and equal protection.

A magistrate judge issued a report recommending that the district court grant summary judgment in the DMV's favor because Miles failed to establish a *prima facie* case for retaliation.  Specifically, the magistrate judge observed that Miles failed to present any evidence of a causal connection between the 2014 lawsuit and his termination and failure to be considered for the service desk manager position.  The district court adopted the magistrate judge's report and recommendation and granted summary judgment on all claims in the DMV's favor.

## II.

We review orders granting summary judgment *de novo* and apply the same standard as the district court. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016).  Summary judgment is appropriate, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  If a reasonable jury could return a verdict for the nonmoving party, then there is a genuine

No. 18-50677

dispute of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242-43, 106 S. Ct. 2505, 2507, 91 L. Ed. 2d 202 (1986).

Once the moving party has shown there is an absence of evidence to support the non-moving party's claims, the non-moving party must provide specific facts showing a genuine factual issue for trial. *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018). The non-moving party must "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). It cannot simply rest on the mere allegations of its pleadings. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). "[T]he evidence should be viewed in the light most favorable to the nonmoving party . . . ." *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (quoting *Gary v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012)).

III.

To establish a retaliation claim under Title VII, an employee must show: (1) the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action. *Gardner v. CLC of Pascagoula, LLC*, 915 F.3d 320, 327–28 (5th Cir. 2019). If the employee does not have direct evidence of retaliation, he may rely on circumstantial evidence under the *McDonnell Douglas* burden-shifting framework to support his retaliation claim. *See id.*; *see also Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001). First, the employee must establish a *prima facie* case of unlawful retaliation. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000). Then, the employer may articulate a legitimate, non-discriminatory reason for the adverse employment

action.  *Id.*  The burden shifts back to the employee to show that the employer's explanation is a pretext for unlawful retaliation.  *Id.*

The district court correctly determined that Miles did not establish a *prima facie* case of retaliation.  Miles fails to connect the denial of the service desk manager position and the ultimate termination to his filing of the 2014 lawsuit.  The DMV has maintained that Miles was fired for cause following multiple violations of the employee handbook.  Specifically, the DMV provided evidence that Miles made false statements to and about his coworkers, misreported a state-wide outage that led to multiple employees working over a weekend, had overall poor job performance, and did not improve even after being placed on a corrective action plan.  Miles failed to provide summary judgment evidence to raise a fact issue on this point.

Furthermore, the timing of the events does not support the claim.  Nearly 10 months elapsed between the filing of Miles' 2014 discrimination lawsuit and his unsuccessful application for the managerial position, and nearly 18 months elapsed between the lawsuit and his termination.  *See Clark Cty. Sch. Dist. v. Breeden,* 532 U.S. 268, 273 (2001); *Raggs v. Miss. Power & Light Co.,* 278 F.3d 463, 471–72 (5th Cir. 2002) (a five-month laps did not create a causal connection between the lawsuit and the alleged retaliatory act).  Accordingly, Miles' retaliation claim cannot survive summary judgment.  AFFIRMED.